UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
COLLEEN TURKOT,                                                         :
                                                                        :
                             Plaintiff,                                 :
                                                                        :
              -v-                                                       :        25 Civ. 8183 (JPC)
                                                                        :
ZOLL MEDICAL CORP.,                                                    :            ORDER
                                                                        :
                             Defendant.                                 :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Defendant moves for a stay of discovery pending the Court's resolution of its forthcoming motion to dismiss. Dkt. 15 ("Motion"). Defendant argues that a stay is warranted based on the purported strength of its argument that the Amended Complaint's sole federal claim is "implausible" and the possibility that the Court will decline to exercise supplemental jurisdiction over the remaining state and local claims. *Id.* at 2. Plaintiff does not oppose the motion for a stay. Dkt. 18.

"A motion to dismiss does not automatically stay discovery, and discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Khan v. New York City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024) (citation modified). Rather, "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation modified). The movant bears the burden of establishing that a stay is warranted. *Khan*, 757 F. Supp. 3d at 335 (citing *Nike, Inc. v. Lululemon USA Inc.*, No. 22 Civ. 82 (RA), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023)).

"A court determining whether to grant a stay of discovery pending a motion must look to

the particular circumstances and posture of each case," and in evaluating whether to stay discovery pending the disposition of a motion to dismiss, "courts typically consider: (1) whether the [defendant] has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (citation modified).

After weighing these factors, the Court concludes that Defendant fails to show that good cause exists to stay discovery in this case. As Plaintiff does not oppose the motion to stay discovery, the Court sees no resulting prejudice to her. Yet Defendant's motion rests almost entirely on the purported weakness of Plaintiff's single federal claim, which Plaintiff unsurprisingly disputes. Motion at 2; Dkt. 11 at 1-2. Without prejudging the merits of this case, even if Defendant's pre-motion letter indicates that its motion to dismiss may be meritorious and dispositive, Dkt. 7; *see Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (collecting cases), Defendant nevertheless fails to make any showing about the scope of discovery or the burden of responding to it. *See generally* Motion. It offers only the conclusory statement that "[s]taying discovery will conserve the resources of the Court and the parties and avoid potentially unnecessary and burdensome discovery." *Id.* at 2.

Filing a potentially meritorious motion to dismiss does not entitle a defendant to a discovery stay absent a showing of good cause. *See Khan*, 757 F. Supp. 3d at 335. Defendant has not made that showing. Accordingly, the Court denies Defendant's motion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) pending the Court's ruling on Defendant's motion to dismiss.

The Clerk of Court is respectfully directed to close Docket Number 15.

SO ORDERED.

Dated: February 18, 2026
       New York, New York

_____
JOHN P. CRONAN
United States District Judge