UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLLEEN TURKOT, | Case No. 25 Civ. 8183 (JPC) |
| Plaintiff, | |
| v. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| ZOLL MEDICAL CORP., | |
| Defendant. | |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     Counsel for any party producing documents or information (the "Producing Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the Producing Party's interests in information that is proprietary, a trade secret or otherwise sensitive non-public information, consistent with Rule 26(c) of the Federal Rules of Civil Procedure.  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" and referred to herein as "Protected Material."

2.     The Protected Material disclosed will be held and used by the party receiving such information (the "Receiving Party") solely for use in connection with the action.

3.     The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, unduly revealing summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

1

4.      In the event the Receiving challenges a Producing Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Stipulated Confidentiality Agreement and Protective Order constitutes an admission by any party that Protected Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Protected Material.

5.      The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        a.      The Receiving Party and counsel, including in-house counsel;

        b.      Employees of such counsel assigned to and necessary to assist in the litigation;

        c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

        d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.      Prior to disclosing or displaying the Protected Material to any person, counsel must:

        a.      Inform the person of the confidential nature of the information or documents;

        b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

        c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.      The Receiving Party shall not load, import, submit, or otherwise transfer Protected Material produced by the Producing Party to an open Large Language Model ("LLM") or other open Generative Artificial Intelligence ("AI") platform, nor may the Receiving Party utilize any closed LLM or AI platforms where the Producing Party's Protected Material may be used to train open models or otherwise made accessible to other users of the LLM or AI platform not authorized to receive Protected Material under this Stipulated Protective Order. Before the Receiving Party transfers any of the Producing party's Protected Material to a closed LLM or AI platform, the Receiving Party shall make reasonably sure that it can delete all such Protected Material from the platform at the final disposition of this action.  The Receiving Party will be responsible for destroying such Protected Information from such tools at the end of the matter.

8.    The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Protected Material. If so designated, the document or information shall thenceforth be treated as Protected Material subject to all the terms of this Stipulated Confidentiality Agreement and Protective Order.

9.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the Producing Party of same. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

10.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.    Any party who seeks to file materials designated "CONFIDENTIAL" in discovery will request that such information shall be filed with the Court under seal. The parties shall follow the procedures and standards governing the filing of materials under seal in this District as set forth in the Local Civil Rules of the Southern District of New York as well as the applicable individual practice rules of the presiding judge, Judge John P. Cronan.

12.    If any party violates the limitations on the use of Protected Material as described above, the party violating this Stipulated Protective Order shall be subject to sanctions, or any other remedies as appropriate, as ordered by the Court. In the event motion practice is required to enforce the terms of this Stipulated Confidentiality Agreement and Protective Order, the prevailing party on such a motion may be awarded costs, expenses, and fees, in the Court's discretion, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

13.    If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated by another Party in this action (the "Designating Party") as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

3

a.  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.  promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Confidentiality Agreement and Protective Order; and

c.  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14.  Each of the parties agrees to be bound by the terms of this Stipulated Confidentiality Agreement and Protective Order as of the date counsel for such party executes this Stipulated Confidentiality Agreement and Protective Order, even if prior to entry of this Order by the Court.

15.  At the conclusion of this action, Protected Material and any copies thereof in any medium or format whatsoever shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 30-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, the parties' respective counsel shall be permitted to retain their working files on the condition that those files will remain protected and not used for any other matter.

**SO STIPULATED AND AGREED.**

Dated: June _4_, 2026

PHILLIPS & ASSOCIATES, PLLC

By: _Jesse S. Weinstein_

Jesse S. Weinstein
Samantha A. Solomotis

Dated: June _4_, 2026

LITTLER MENDELSON P.C.

By:_____

Devjani H. Mishra
James F. Bryton

4

45 Broadway, 28th Floor                       900 Third Avenue, 8th Floor
New York, NY 10006                            New York, NY 10022.3298
(212) 248-7431                                (212) 583-9600

*Attorneys for Plaintiff*                     *Attorneys for Defendant*

Any party seeking to file a redacted or sealed document shall follow the procedures in 4.A-B of the Court's Individual Rules and Practices in Civil Cases.

**SO ORDERED:**

_____
Hon. John P. Cronan
U.S. District Judge
June 8, 2026

5

**Exhibit A**

**Acknowledgment and Agreement to be Bound**

I, _____, residing at _____,

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Confidentiality Agreement and Protective Order that was issued by the United States District Court

for the Southern District of New York on _____, 2026 in the case of *Colleen Turkot*

*v. ZOLL Medical Corp.*, Case No. 25-CV-8183 (JPC) (the "Protective Order").  I agree to comply

with and to be bound by all the terms of this Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I agree that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions of this

Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

4863-5457-6442.1 / 060893-1075